**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

CASE NO.:

AMGUER MORIN,

    Plaintiff,

vs.

DANE STREET, LLC,
a Florida Limited Liability
Company,

    Defendant.
_____/

**COMPLAINT & DEMAND FOR JURY TRIAL
DECLARATORY RELIEF REQUESTED
INJUNCTIVE RELIEF REQUESTED**

Plaintiff, AMGUER MORIN ("Ms. Morin" or "Plaintiff"), by and through her undersigned counsel, files this Complaint against Defendant, DANE STREET, LLC ("Defendant" or "DS"), a Florida limited liability company, and states as follows:

1. Plaintiff brings this action for sex discrimination and retaliation based on sex in violation of Title VII of the Civil Rights Act ("Title VII"), and the Florida Civil Rights Act, Chapter 760, Florida Statutes ("FCRA").

2. Plaintiff is seeking damages including back pay, front pay, compensatory damages, punitive damages, declaratory and injunctive relief, and her attorneys' fees and costs.

**JURISDICTION AND CONDITIONS PRECEDENT**

3. This Court has original jurisdiction over Plaintiff's Title VII claims pursuant to 28 U.S.C. § 1331, as they arise under federal law, and the actions giving rise to this lawsuit occurred

in Palm Beach County, Florida.

4. This Court also has supplemental jurisdiction over Plaintiff's FCRA claims, as they arise out of the same operative facts and circumstances as her Title VII claims.

5. On or about May 4, 2021, Plaintiff timely dual-filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") alleging sex discrimination and retaliation against DS.

6. More than 180 days have passed since the filing of the Charge of Discrimination.

7. On or about March 13, 2023, Plaintiff received her Determination and Notice of Right to Sue from the EEOC, giving Plaintiff the right to bring a civil action on her claims within 90 days of her receipt of the same.

8. Pursuant to Title VII and the FCRA, Ms. Morin timely files this lawsuit within the applicable period of limitations against DS, and has complied with all administrative prerequisites.

9. All conditions precedent to this action have been satisfied and/or waived.

## VENUE

10. Venue is proper because DS conducts substantial business in Palm Beach County, Florida, and Plaintiff worked for Defendant in Palm Beach County, Florida, where the actions at issue took place.

## PARTIES

11. Plaintiff, who is an adult female, is protected by Title VII and the FCRA because:

   a. She was a female who suffered discrimination based on her sex by Defendant; and

   b. She objected to the sex-based discrimination; and

   c. She suffered an adverse employment action and was subjected to an

increasingly hostile work environment based on her sex, including being unlawfully discharged because of her sex, and being subjected to disparate treatment based on sex.

12. Defendant was at all material times an "employer" as defined by Title VII and the FCRA as it employed in excess of fifteen (15) employees.

13. Plaintiff was at all material times an "employee" as defined by Title VII and the FCRA.

14. Defendant is a Florida limited liability company that is registered to do business in the State of Florida, including, among other places, Palm Beach County, Florida.

## STATEMENT OF FACTS

15. Ms. Morin worked for DS, most recently as a National Physician Recruiter in DS's Network Group, from March 12, 2015, until her termination on February 25, 2021.

16. In late 2020, DS Chief Operating Officer Joe Gasparoni filed for divorce from his wife, DS Vice President of Physician Relations and Credentialing Lourdes Gasparoni, who was Ms. Morin's Supervisor.

17. In early December, DS terminated the employment of Lourdes Gasparoni, making it clear that DS had only tolerated a woman in such a position of authority as long as she was personally involved with Chief Operating Officer Joe Gasparoni.

18. Thereafter, DS set its sights on the rest of the all-female Network team, including Ms. Morin and Director Denise Capua.

19. On December 10, 2020, immediately after Ms. Gasparoni's termination, DS Senior Vice President Josh Remillard informed Ms. Morin that Ms. Capua was being stripped of her

Director role, and that Ms. Morin would now report to DS Disability Independent Medical Exam Director Josh Hartman.

20. Ms. Morin's new position turned out to be a demotion, as DS altered the metrics for calculation of Ms. Morin's bonus, lowering her income.

21. Ms. Morin disclosed to Ms. Capua that Mr. Remillard was mistreating her and discriminating against her based on sex, and objected to the mistreatment and discrimination, giving Ms. Capua permission to add her name to a writing which Ms. Capua was going to provide to DS's Human Resources Department discussing and objecting to the discrimination.

22. Ms. Morin's objections constituted protected activity under Title VII and the FCRA.

23. As for Mr. Remillard himself, he became hostile and rude, yelling at Ms. Morin for even broaching the subject of her new position effectively being a demotion, and lowering her income.

24. Mr. Remillard did not exhibit similarly rude, hostile, or condescending behavior or discourse to DS's male employees.

25. By February 17, 2021, DS's abuse and discrimination based on sex had become so unbearable that Ms. Capua sent the above-noted writing to DS Vice President of Human Resources Sarah Chag objecting to the abuse and discrimination based on sex to which she and other female employees were being subjected; Ms. Morin was mentioned by name in the writing.

26. In response to Ms. Capua's writing, DS Human Resources Representative Pamela Lisey stated that DS would investigate Ms. Morin's allegations.

27. Instead, on February 25, 2021, DS informed Ms. Morin that it had decided to terminate her employment, effective immediately.

4

28. DS pushed out other female employees, including Ms. Capua, that same day.

29. Title VII and the FCRA prohibit sex discrimination in the workplace.

30. Plaintiff's termination constitutes an adverse employment action as defined by Title VII and the FCRA.

31. Plaintiff suffered an adverse employment action as a result of her sex.

32. With respect to Plaintiff's objections to Defendant's discrimination based on sex, Defendant violated Title VII and the FCRA because it failed to take prompt and remedial action to correct the sex discrimination, as the law required, and instead, continued to allow the conduct to continue against Plaintiff.

33. Defendant provided no valid cause, reason, or explanation to Plaintiff for her termination.

34. Defendant did not have a legitimate, non-discriminatory, non-retaliatory reason for Plaintiff's termination.

35. Any reason provided for Plaintiff's termination by Defendant is a pretext and cover-up for illegal discrimination and retaliation.

36. Plaintiff's termination was for pretextual and discriminatory reasons, including, but not limited to, discrimination and retaliation based on sex.

37. At all times material hereto, Plaintiff was ready, willing, and able to perform her job duties.

38. Defendant did not have a legitimate, non-discriminatory, non-retaliatory rationale for allowing and participating in the discrimination suffered by Plaintiff.

39. By reason of the foregoing, Defendant's actions violated Title VII and the FCRA.

40. Plaintiff suffered sufficiently severe and pervasive discrimination to create an abusive working environment.

41. DS's adverse employment action against Ms. Morin was taken in retaliation for her sex and for her objections to DS's discrimination based on sex.

42. Plaintiff has suffered damages as a result of Defendant's conduct.

43. Defendant lacked a good faith basis for its actions.

44. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I- SEX DISCRIMINATION IN
## VIOLATION OF TITLE VII

45. Plaintiff realleges and adopts the allegations contained in paragraphs 1-44 of the Complaint as if fully set forth in this Count.

46. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against sex discrimination under Title VII.

47. The discrimination to which Plaintiff was subjected was severe and pervasive, and was based on her sex.

48. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

49. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

50. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses

pursuant to 42 U.S.C. § 2000e-5(k).

51. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

## COUNT II- SEX DISCRIMINATION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT

52. Plaintiff realleges and adopts the allegations contained in paragraphs 1-44 of the Complaint as if fully set forth in this Count.

53. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against sex discrimination under the Florida Civil Rights Act, Chapter 760, Florida Statutes.

54. The discrimination to which Plaintiff was subjected was severe and pervasive, and was based on her sex.

55. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

56. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

57. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

58. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

## COUNT III- RETALIATION IN VIOLATION OF TITLE VII BASED ON SEX

59. Plaintiff realleges and adopts the allegations contained in paragraphs 1-44 of the Complaint as if fully set forth in this Count.

60. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against being retaliated against for opposing discrimination under Title VII of the Civil Rights Act of 1964, as amended. 42 U.S.C. § 2000e, *et seq*.

61. The retaliation to which Plaintiff was subjected was based on her opposition to Defendant's illegal and discriminatory actions based on sex.

62. Plaintiff's discharge was in close temporal proximity to her objections to Defendant that she felt that she was being discriminated against based on sex.

63. Plaintiff's objections constituted protected activity under Title VII.

64. Plaintiff was discharged as a direct result of her objections to what she reasonably believed to be sex discrimination.

65. Plaintiff's objections to Defendant's illegal conduct, and her discharge, are causally related.

66. Defendant's stated reasons for Plaintiff's adverse employment action are a pretext.

67. The conduct of Defendant and its agents and employees proximately, directly, and

8

foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

68. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

69. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 2000e-5(k).

70. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

## COUNT IV- RETALIATION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT BASED ON SEX

71. Plaintiff realleges and adopts the allegations contained in paragraphs 1-44 of the Complaint as if fully set forth in this Count.

72. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against being retaliated against for opposing discrimination under Section 760.10(7), Florida Statutes.

73. The retaliation to which Plaintiff was subjected was based on her opposition to Defendant's illegal and discriminatory actions based on sex.

74. Plaintiff's discharge was in close temporal proximity to her objections to Defendant

that she felt that she was being discriminated against based on sex.

75. Plaintiff's objections constituted protected activity under the FCRA.

76. Plaintiff was discharged as a direct result of her objections to what she reasonably believed to be sex discrimination.

77. Plaintiff's objections to Defendant's illegal conduct, and her discharge, are causally related.

78. Defendant's stated reasons for Plaintiff's adverse employment action are a pretext.

79. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

80. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

81. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

82. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated this 1st day of May, 2023.

    Respectfully Submitted,

By: **/s/ Noah E. Storch**
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 W. State Rd. 84 Suite 103
Davie, FL 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: noah@floridaovertimelawyer.com

*Attorneys for Plaintiff*